# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

FILED

SEP 09 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

TONY TAYLOR JR.,

Plaintiff,

Case No.: [ 5:25 CV 01882 ]

v.

Judge: [ JUDGE PEARSON ]

MAG. JUDGE HENDERSON

AKRON METROPOLITAN HOUSING AUTHORITY (AMHA),

TERESA JONES, in her individual and official capacity,

DANZA ROBINSON, in her individual and official capacity,

JIM CASEY, in her individual and official capacity,

ANGELA HEAD, in her individual and official capacity,

DENISE THOMAS, in her individual and official capacity,

Defendants.\

COMPLAINT FOR VIOLATIONS OF:

- THE FAIR HOUSING ACT, 42 U.S.C. § 3601 et seq.,

- CIVIL RIGHTS UNDER 42 U.S.C. § 1983,

- THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

## I. INTRODUCTION

1. Plaintiff Tony Taylor Jr. brings this civil rights action against the Akron Metropolitan Housing Authority (AMHA) and its employees for unlawful discrimination based on familial status, deprivation of due process, and retaliatory conduct in violation of the Fair Housing Act (42 U.S.C. § 3601 et seq.), 42 U.S.C. § 1983, and the Fourteenth Amendment (Due Process and Equal Protection Clauses).

2. Plaintiff seeks compensatory damages, punitive damages, injunctive and declaratory relief, and any other relief deemed just and proper.

## II. PARTIES

3. Plaintiff Tony Taylor Jr. is a resident of Summit County, Ohio and was a lawful tenant of AMHA at 65 Byers Avenue, Apt. 506, Akron, Ohio.

4. Defendant Akron Metropolitan Housing Authority (AMHA) is a public housing authority that administers federal housing programs and receives HUD funding.

5. Defendant Teresa Jones is the Lead Property Manager for AMHA and is sued in her individual and official capacities.

6. Defendant Danza Robinson is a Recertification Specialist at AMHA and is sued in her individual and official capacities.

7. Defendant Jim Casey is an administrative staff member of AMHA and is sued in her individual and official capacities.

8. Defendant Angela Head is a supervisor at AMHA and is sued in her individual and official capacities.

9. Defendant Denise Thomas is a property manager and is sued in her individual and official capacities.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 3613, and 42 U.S.C. § 1983.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in the Northern District of Ohio.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff resided in a federally subsidized housing unit managed by AMHA, with his minor daughter, DT.

13. Plaintiff submitted all required documents for annual recertification, including custody verification by notarized statement from the child's mother.

14. AMHA refused to process Plaintiff's recertification, instead demanding court-ordered custody documentation not required by HUD guidelines.

15. Plaintiff's legal aid attorney advised AMHA that such documentation was not legally required for biological parents.

16. On February 22, 2024, AMHA issued a Notice of Lease Termination, falsely citing failure to recertify.

17. On October 8, 2024, AMHA changed the locks on Plaintiff's apartment and declared the unit abandoned, despite knowing Plaintiff remained in possession and had not vacated.

18. A housekeeping inspection was scheduled for October 10, 2024, showing AMHA knew the unit was still active.

19. The lockout occurred without a court order or eviction judgment, violating Plaintiff's due process rights.

20. Internal AMHA communications show intentional delay of recertification to impose a rent increase and retaliate against Plaintiff for asserting family rights.

21. As a result, Plaintiff suffered housing loss, destruction of personal property, emotional distress, and family hardship.

## V. CLAIMS FOR RELIEF

COUNT I – Violation of the Fair Housing Act (42 U.S.C. § 3604)

22. Defendants discriminated against Plaintiff based on familial status by refusing to recognize his minor child as part of his household and terminating his lease.

23. These actions constitute unlawful housing discrimination in violation of the Fair Housing Act.

COUNT II – Violation of 42 U.S.C. § 1983 – Fourteenth Amendment (Due Process Clause)

24. Defendants, acting under color of state law, deprived Plaintiff of his protected property interest in housing by locking him out without legal process.

25. This deprivation violates Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

COUNT III – Violation of 42 U.S.C. § 1983 – Fourteenth Amendment (Equal Protection Clause)

26. Defendants treated Plaintiff differently than similarly situated tenants due to his familial status and assertion of parental rights, without justification.

27. This discriminatory treatment violates the Equal Protection Clause of the Fourteenth Amendment.

COUNT IV – Retaliation and Bad Faith Eviction

28. Defendants retaliated against Plaintiff for asserting his rights under the lease and federal law.

29. Their conduct was intentional, malicious, and in bad faith.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in the amount of $400,000 for emotional distress, loss of housing, and property loss;

B. Award punitive damages in the amount of $350,000 for willful and malicious conduct;

C. Issue injunctive relief reinstating Plaintiff's housing or providing suitable alternative housing;

D. Award costs and attorney's fees under 42 U.S.C. § 1988;

E. Grant such further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII. ATTACHMENTS

Plaintiff intends to submit the following exhibits in support of this complaint:

- Exhibit A – Email correspondence between AMHA and Legal Aid

- Exhibit B – Notice of Lease Termination

- Exhibit C – Photographs and documentation of the locked unit

- Exhibit D – Notarized custody statement for DT

- Exhibit E – Proof of recertification attempts and communications.

Respectfully submitted,

Tony Taylor Jr.
9/9/2025

[941 Diana Ave

Akron, Ohio 44307

[330-786-5775]

[quest330.tt@gmail.com]

Pro Se Plaintiff