PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY TAYLOR JR., | ) | |
| | ) | CASE NO. 5:25CV1882 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| AKRON METROPOLITAN HOUSING | ) | |
| AUTHORITY, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro Se* Plaintiff Tony Taylor Jr. filed a civil action in this Court but did not pay the filing fee. He instead asked the Court to waive the filing fee in a document of his own creation based loosely on form AO 240, the "short form" of an Application to Proceed *In Forma Pauperis*. *See* ECF No. 2. The Court no longer uses the AO 240 form because it does not seek sufficient information from the applicant for the Court to make a determination of poverty. Plaintiff's version of this form is even more lacking in required information. He simply describes his income as "$0 or limited," his bank account as having a "minimal balance," his vehicle as "low-value," and his utilities expenses as "[m]inimal or unpaid." ECF No. No. 2 at PageID #: 15.

On October 23, 2025, the Court ordered Plaintiff to either to pay the full fee of $ 405.00 or to truthfully, accurately and thoroughly complete and file an AO 239 Application to Proceed *In Forma Pauperis* (the long form) within 30 days of the date of the Order. Order (ECF No. 4). The Clerk's Office provided Plaintiff with an AO 239 form with a copy of the Order. The Court

(5:25CV1882)

notified Plaintiff that failure to comply with ECF No. 4 within the time period allotted may result in dismissal of this action without further notice.  More than 30 days have passed and Plaintiff did not comply with the Order nor has he moved for an extension of time.

Pursuant to 28 U.S.C. § 1915, the Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  Pauper status does not require absolute destitution.  *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed.Appx. 239, 240 (6th Cir. 2001).  Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship.  *Id.*  It is within the Court's discretion to allow a litigant to proceed *in forma pauperis*.  *Id.*

The Court takes very seriously a request to proceed with litigation at taxpayer expense and grants only those applications which demonstrate that payment of the filing fee would require the applicant to forgo "food, shelter, clothing, or some other necessity" if they were required to pay a judicial filing fee.  *Maddox v. Foley*, No. 3:23-cv-48, 2023 WL 3852943, at *1 (S.D. Ohio May 10, 2023).  Pauper status is not available for a litigant who seeks waiver of the fee simply because she would have to make adjustments in the monthly budget to pay the fee or because she would like to test the legal viability of her case before making a financial commitment to the litigation.  *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466 at * 2 (E.D. Mich. Oct. 16, 2012) (A person is not a pauper just because he must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims.").

2

(5:25CV1882)

Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

      Here, Plaintiff did not demonstrate an inability to pay the filing fee. He created his own form and filled it out with general statements, rather than specific information. The Court notified Plaintiff of this deficiency and gave him an opportunity to correct it to avoid dismissal of his action. He did not comply with the Court's Order (ECF No. 4) and provide the Court with specific information. Without that information, the Court has no basis upon which to grant an Application to Proceed *In Forma Pauperis*.

      Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is denied and this case is dismissed without prejudice for failure to prosecute. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.


|   November 25, 2025   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |